IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANTONIO PAUL VELASQUEZ,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br><br>Case No. 2:19-CR-109 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion for Review of Magistrate Judge's Denial of Emergency Motion for Bail Review and Release.  For the reasons discussed below, the Court will deny the Motion and order Defendant's continued detention.

## I.  BACKGROUND

Defendant was charged with, and ultimately pleaded guilty to, multiple counts of bank robbery.  Defendant is housed at the Weber County Jail and is currently awaiting sentencing. Defendant reports that he has had asthma since childhood, uses a prescribed inhaler, and experiences daily wheeziness.  Defendant requests release based on a series of recent cases of COVID-19 at the Weber County Jail.

## II.  DISCUSSION

The Court considers Defendant's request for a review of the Magistrate Judge's order of detention under 18 U.S.C. § 3145(b) and DUCrimR 57-16(a)(1).  The Court conducts its own de novo review of the detention issue giving no deference to the Magistrate Judge's findings or

conclusions.[1]  In so doing, the Court may elect to start from scratch and take evidence—whether or not new evidence is proffered—and also may incorporate the record of the proceedings conducted by the Magistrate Judge, including any exhibits.[2]

Defendant argues that two provisions of the Bail Reform Act allow for his release.  The Court will discuss each in turn.

Defendant first cites to 18 U.S.C. § 3145(c).  Because Defendant is subject to detention pursuant to 18 U.S.C. § 3143(a)(2), the Court can release a defendant under § 3145(c) only if it finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community and that there are exceptional reasons why the person's detention would not be appropriate.[3]  Defendant fails to demonstrate, let alone demonstrate by clear and convincing evidence, that he does not pose a danger to the community.  Defendant's crimes of conviction show that he is a danger to the community.   Defendant argues that he did not use weapons or engage in assaultive conduct, and that the robberies were related to his addiction.  However, these facts do not alleviate the danger posed by Defendant.  While the Court commends Defendant's efforts to address his addiction, he remains a danger.  As a result, the Court need not determine whether Defendant has shown exceptional reasons why his detention would not be appropriate.  Therefore, release is not appropriate under this provision.

---

[1] DUCrimR 57-16(a)(1) (providing for de novo review of detention orders); *United States v. Lutz*, 207 F. Supp. 2d 1247, 1251 (D. Kan. 2002); *see also United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003) (holding that district court's review under §3145(a) is de novo).

[2] *Lutz*, 207 F. Supp. 2d at 1251.

[3] 18 U.S.C. § 3143(a)(1); 18 U.S.D.C. § 1345(c).

Defendant next cites to 18 U.S.C. § 3142(i)(4), which allows the Court to temporarily release a defendant "to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." This provision, however, falls under that portion of the Bail Reform Act that addresses release or detention pending trial. The Tenth Circuit has not considered the issue, but a number of courts have concluded that this provision does not apply where, as here, a defendant is awaiting sentencing.[4] The Court agrees with the reasoning of those cases.

Even if this provision did apply, it would not alter the Court's conclusion. Courts have considered four factors in considering motions for temporary release related to the COVID-19 pandemic. These include:

> (1) the original grounds for the defendant's pretrial detention, (2) the specificity of the defendant's stated COVID-19 concerns, (3) the extent to which the proposed release plan is tailored to mitigate or exacerbate other COVID-19 risks to the defendant, and (4) the likelihood that the defendant's proposed release would increase COVID-19 risks to others.[5]

Considering these factors, detention remains appropriate. First, the grounds for Defendant's original pretrial detention remain. Under the factors set out in 18 U.S.C. § 3142(g), Defendant remains a danger to the community and nothing in his request for release alters this conclusion.

Second, Defendant's COVID-19 concerns are largely vague and conclusory. Defendant Motion is primarily based on general statements about the potential spread of disease in jails.

---

[4] *See United States v. Williams*, ---F. Supp. 3d.---, 2020 WL 3248288, at *3 (W.D.N.Y June 16, 2020) (discussing cases).

[5] *United States v. Clark*, ---F. Supp. 3d.---, 2020 WL 1446895, at *3 (D. Kan. Mar. 25, 2020).

Defendant also points to recent COVID-19 infections at the Weber County Jail. However, there is nothing before the Court to suggest that the Weber County Jail is not taking adequate precautions to protect the health and safety of the inmates housed there. The government has presented evidence that the jail has a detailed plan on how to address the pandemic.[6] Further, the Court has little information about Defendant's asthma. Defendant states that he has asthma, uses an inhaler, and experiences daily wheezing. However, in his Presentence Report, Defendant stated that he is in good physical health and does not take prescribed medication. This conflicting information prevents the Court from determining whether Defendant's condition puts him at a higher risk of suffering severe illness from COVID-19.

Finally, Defendant's proposed release plan does not appear to mitigate the risks to Defendant while avoiding creating additional risks. Defendant states that he has been accepted to a residential treatment program. However, this type of living environment will likely pose some of the same risks that form the basis of Defendant's Motion. Therefore, Defendant's Motion will be denied.

### III.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Review of Magistrate Judge's Denial of Emergency Motion for Bail Review and Release (Docket No. 83) is DENIED. Defendant is ordered to remain detained pending sentencing.

---

[6] *See* Docket No. 85 Ex. A.

DATED this 2nd of July, 2020.

                    BY THE COURT:

                    _____
                    Ted Stewart
                    United States District Judge